UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   **2:25-cv-01679-JLS-MAA**                                   Date:  **August 12, 2025**

Title   **Pierre Haobsh v. U.S. Attorney General**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:
N/A                                                              N/A

**Proceedings (In Chambers):**     Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Jurisdiction

I.   INTRODUCTION

On February 21, 2025, Plaintiff Pierre Haobsh ("Plaintiff"), a state prisoner proceeding *pro se*, filed a document titled "Writ of Mandamus 28 U.S.C.S. § 1361," naming the United States Attorney General as the sole defendant, which the Clerk's Office filed as a Civil Rights Complaint. ("Complaint"). (Compl., ECF No. 1.) On July 24, 2025, after initially dismissing the case for failure to file a complete *in forma pauperis* request or pay the filing fee, the District Judge granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees. (*See* ECF Nos. 2, 5–6, 8–10.)

In the Complaint, Plaintiff alleges that unnamed and unquantified prison officials assaulted Plaintiff and fabricated allegations during a disciplinary hearing in response to Plaintiff's threat to petition the Federal Government to prosecute illegal activity under 18 U.S.C.S. § 242 (deprivation of rights under color of law). (Compl. 2.) Plaintiff alleges this resulted in a loss of privileges that prevented him from litigating his pending habeas matter, thus further violating federal criminal statutes related to retaliation and obstruction. (*Id*. at 3.) Plaintiff also alleges he has a right to refuse the prison's policy of "double celling" as an act of self-defense. (*Id.* at 6–7.)

Based on the foregoing, Plaintiff brings a single cause of action—"[p]ursuant to 28 U.S.C.S. § 1361 mandamus cause of action," he seeks to "compel the U.S. Attorney General to direct an investigation and prosecution pursuant to 18 U.S.C.S § 242 and 18 U.S.C.S § 1505 to protect federal Habeas proceedings in the U.S. Supreme Court and establish a protective barrier and deterrent." (*Id.* at 7.)

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-01679-JLS-MAA**                                                                                     Date:  **August 12, 2025**

Title       **Pierre Haobsh v. U.S. Attorney General**

## II. LEGAL STANDARD

The Court is required to conduct a preliminary screening of any civil action brought by a prisoner, or in which a plaintiff proceeds *in forma pauperis*, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

## III. ANALYSIS

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal court have a duty to consider subject matter jurisdiction *sua sponte*, "whether the parties raise[] the issue or not."  *United Inv. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009).

As a preliminary matter, the Complaint refers to various Amendments of the United States Constitution, the violation of which the Court would seem to have subject matter jurisdiction to consider under 28 U.S.C. § 1983 ("Section 1983").  (*See* Compl. 2–3.)  However, the Complaint does not assert jurisdiction under Section 1983—nor does it plead any cause of action for violation of the mentioned amendments.  (*See generally id*.)  And, insofar as the Court should construe the Complaint as asserting such causes of action, the Complaint fails to name any defendant beyond the United States Attorney General.  (*Id.*)  Accordingly, to the extent Plaintiff intends to assert claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-01679-JLS-MAA**                                                                 Date:  **August 12, 2025**

Title         **Pierre Haobsh v. U.S. Attorney General**

for violation of his civil rights under Section 1983, the Court dismisses the Complaint with leave to amend for failure to state a claim.

Rather, the only statue relied upon as a basis for relief is 18 U.S.C. § 1361 ("Section 1361"). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if:  (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).

Here, Plaintiff requests that the Court compel the United States Attorney General to investigate and prosecute certain federal crimes allegedly committed by state prison officials. (Compl. 7.)  However, "[a] United States Attorney's decision to investigate or prosecute a certain issue or event is a discretionary, not a ministerial act; for this Court to order a United States Attorney to investigate or prosecute a claim would violate the separation of powers doctrine." *In re Charley*, 2024 U.S. Dist. LEXIS 204514, at *6, 2024 WL 4723619, at *3 (D. Alaska Nov. 8, 2024) (denying *pro se* prisoner's petition for writ of mandamus requesting that the United States Attorney prosecute officials involved in plaintiff's state and federal proceedings); *see also O'Connor v. State of Nev.*, 507 F. Supp. 546, 549 (D. Nev. 1981), *aff'd*, 686 F.2d 749 (9th Cir. 1982) (reasoning "that federal district courts cannot order a United States Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers."); *Ross v. U.S. Attorney's Off. Cent. Dist. Of California*, 411 F.2d 524, 525 (9th Cir.1975) ("The well-settled principle that mandamus does not lie to compel a United States Attorney to perform a discretionary act is dispositive of this appeal.").  Accordingly, to the extent Plaintiff intends to assert a single cause of action under Section 1361, it appears that the Court lacks subject matter jurisdiction over the Complaint.

### IV.      CONCLUSION

Plaintiff is **ORDERED TO SHOW CAUSE** by no later than **September 11, 2025** why this Court should not recommend dismissal of this action for lack of subject matter jurisdiction.  Instead of filing a response to this Order to Show Cause, Plaintiff may either:  (1) file an amended complaint asserting particular causes of action against particular defendants pursuant to Section 1983, or (2) request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a) (form

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-01679-JLS-MAA**                                    Date:  **August 12, 2025**

Title      **Pierre Haobsh v. U.S. Attorney General**

attached).  If Plaintiff files an amended complaint or a notice of dismissal on or before **September 11, 2025,** the Order to Show Cause will be discharged.

**Plaintiff is advised that failure to comply with this Order to Show Cause by September 11, 2025 will result in a recommendation that the action be dismissed for lack of jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.

<u>Attachment</u>

Notice of Voluntary Dismissal (Form CV-09)